# Edward D. Lyon v. Benjamin F. Herr, Appellant.

*Contracts—Foreign attachment—Assumpsit—Real estate—Coal rights—Evidence.*

Where the defendant was the owner of the surface of real estate and undertook, for a valuable consideration, to secure for the plaintiff the coal rights thereunder owned by a third party, and failed to purchase same, converting the money advanced by the plaintiff to his own use, a verdict for the plaintiff will be sustained.

The case is for the jury where there is a sharp conflict in the testimony, and the evidence of the defendant is not sufficient to warrant binding instructions.

Argued April 30, 1925.  Appeal No. 139, April T., 1925, by defendant, from judgment of C. P. Allegheny County, January T. 1923, No. 1269, on verdict in favor of plaintiff in the case of Edward D. Lyon v. Benjamin F. Herr.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Foreign attachment in assumpit to recover money had and received by defendant from the plaintiff.  Before REID, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the amount of $2318.00, and judgment thereon.  Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Robbin B. Wolf*, and with him *John S. Cort* and *McCreery & Wolf*, for appellant.

*Daniel S. Horne*, and with him *Leonard K. Guiler*, for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:
Plaintiff has judgment on a verdict in an action of

foreign attachment in assumpsit, in which defendant entered a general appearance, filed an affidavit of defense and went on trial on the issues made by the pleadings. Defendant appeals.

The statement of claim alleges that defendant was the owner of the surface of a tract of land containing forty-six acres and ninety-seven perches in Penn Township, Allegheny County, subject to reservations of all the coal underlying it and also subject to an oil and gas lease; that plaintiff through the importunities of defendant entered into negotiations with him for acquiring the coal rights reserved as aforesaid and owned by the Pittsburgh Coal Company; that as a result of these negotiations they entered into an oral agreement, by the terms of which plaintiff was to pay to defendant $2,000, in consideration of which defendant agreed to acquire from the Pittsburgh Coal Company the coal rights and mining privileges underlying defendant's land and transfer the same to plaintiff, or such person or persons as he might designate, the transfer to cover all the right, title and interest in the coal underlying defendant's property; that, pursuant to this agreement, plaintiff paid to defendant $2,000; that defendant failed and neglected to purchase the coal and mining rights and converted the $2,000 and applied the same to his own use. The defense set up in the affidavit of defense was that no verbal agreement such as averred was ever made between the parties; that defendant entered into a written agreement with two persons, McCarrell and McCrossan, by which he agreed to sell them his Penn Township property for the sum of $20,000 and $2,000 in stock of a corporation to be organized to take and exploit the land and the coal rights thereunder, which defendant was to endeavor to secure and turn over to the purchasers; that the $2,000 which is the subject of this suit was not paid to him by plaintiff, but was paid by McCarrell and McCrossan as part of the consideration due him upon

their purchase; that McCarrell and McCrossan, together with plaintiff, organized a common law trust which took over the rights of McCarrell and McCrossan under their agreement to purchase defendant's land, and that the $2,000 here involved was in fact contributed by plaintiff as his share to the common enterprise. The evidence presented by the parties at the trial was sufficient, if believed, to establish their respective contentions. The verdict of the jury establishes the facts as averred and testified to by plaintiff.

The main contention of defendant in this court and in the court below is that he was entitled to binding instructions and to judgment notwithstanding the verdict. This contention is based mainly on the proposition that the written evidence in the case conclusively establishes the defense set up and that the trust agreement to which plaintiff was a party precludes him from setting up the separate oral agreement upon which he seeks to recover. After a careful examination of the record, we cannot subscribe to this contention. While there was a sharp conflict in the testimony and there were many circumstances in the case which were more consistent with the contention of defendant than that of plaintiff, we cannot say, as a matter of law, that the evidence is insufficient to sustain the verdict. The case was for the jury.

The only other errors assigned complain of the charge and the answers to certain of defendant's points. After reading the charge and the points and the answers thereto, we are constrained to hold that the complaint in this respect is without substantial merit. The case was well tried and the questions of fact were submitted to the jury in a charge which cannot be justly criticized. The record is free of material error.

All of the assignments of error are overruled and the judgment is affirmed.